NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 11 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY COMPANY, an Iowa corporation,<br><br>            Plaintiff-Appellee,<br><br>   v.<br><br>DOREEN N. MCPAUL, Attorney General of the Navajo Nation, in her official capacity; CYNTHIA THOMPSON, Judge, in her official capacity as tribal judge of the Navajo Nation District Court; RUDY BEDONIE, Judge, in his official capacity as current tribal judge of the Navajo Nation District Court,<br><br>            Defendants-Appellants. | No.   19-15835<br><br>D.C. No. 3:18-cv-08110-DWL<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted May 7, 2020[**]
Portland, Oregon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: WATFORD and HURWITZ, Circuit Judges, and BATTAGLIA,*** District Judge.

The Navajo Nation sued Employers Mutual Casualty Co. ("EMC") and two of EMC's insureds, among others, in tribal court. The suit alleged that the insureds had caused a gasoline leak on tribal lands and that EMC had declined to defend them in the tribal court litigation nor indemnify them against any resulting liability. EMC moved to dismiss the claims against it for lack of subject matter jurisdiction. The tribal court denied the motion, and the Navajo Nation Supreme Court denied a writ of prohibition. EMC then brought this action in district court against officials of the Navajo Nation, challenging the tribal court's jurisdiction. The district court granted summary judgment in favor of EMC. We have jurisdiction of the appeal by the Navajo Nation defendants under 28 U.S.C. § 1291 and affirm.

1.     Because it is not contested that EMC's relevant conduct—negotiating and issuing general liability insurance contracts to non-Navajo entities—occurred entirely outside of tribal land, tribal court jurisdiction cannot be premised on the Navajo Nation's right to exclude. *See Window Rock Unified Sch. Dist. v. Reeves*, 861 F.3d 894, 898, 904–05 (9th Cir. 2017) (construing Article II of the treaty establishing the Navajo Reservation as allowing regulation of non-tribal defendants' conduct on tribal land). The insurance contracts, which do not mention liability

---

*** The Honorable Anthony J. Battaglia, United States District Judge for the Southern District of California, sitting by designation.

2

arising from activities on the reservation, bear no "direct connection to tribal lands." *Knighton v. Cedarville Rancheria of N. Paiute Indians*, 922 F.3d 892, 902 (9th Cir. 2019).

2.    Tribal jurisdiction also cannot lie under the second exception in *Montana v. United States*, because EMC's conduct did not take place "within [the] reservation."  450 U.S. 544, 566 (1981); *see also Water Wheel Camp Recreational Area, Inc. v. LaRance*, 642 F.3d 802, 815 (9th Cir. 2011) (per curiam) (noting that a tribe generally lacks authority over non-Indians beyond the reservation's borders).[1] Moreover, EMC's refusal to defend and indemnify its insureds does not "imperil the subsistence of the tribal community."  *Plains Commerce Bank v. Long Family Land & Cattle Co.*, 554 U.S. 316, 341 (2008) (internal quotation marks omitted); *see also Yellowstone Cty. v. Pease*, 96 F.3d 1169, 1177 (9th Cir. 1996) (noting that speculative harm is "insufficient to constitute the requisite imperilment").

**AFFIRMED.**

---

[1]    The Navajo Nation defendants agree that the first *Montana* exception does not apply.  Their attempt to analogize tribal jurisdiction to personal jurisdiction therefore fails because the Due Process Clause analysis applicable to personal jurisdiction relates only to determining whether a consensual relationship exists under the first exception.  *See Smith v. Salish Kootenai Coll.*, 434 F.3d 1127, 1138 (9th Cir. 2006) (en banc).